Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA, <br><br> Plaintiff, <br><br> vs. <br><br> JORGE ALBERTO VALDEZ, individually and d/b/a PULGARCITO SPORTS BAR, <br><br> Defendant. | Case No. 2:20-cv-02663-TJH-PLA <br><br> PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES <br><br> Date:  July 12, 2021 <br> Time:  UNDER SUBMISSION <br> Place:  Courtroom 9B <br> Judge:  Honorable Terry J. Hatter, Jr. |

TO THE HONORABLE COURT, THE DEFENDANT AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 12, 2021, or as soon thereafter as this matter may be heard in Courtroom 9B of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California

90012, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media (hereinafter "Plaintiff") by and through counsel, will present its Motion to Dismiss Counts I and II of its Complaint against Defendant Jorge Alberto Valdez, individually and d/b/a Pulgarcito Sports Bar (hereinafter "Defendant").

This Motion will be made on the grounds that moved for default judgment against Defendant with respect to Count III and IV of its Complaint, which will satisfactorily resolve this matter, such that dismissal of Counts I and II will facilitate the ultimate resolution of this matter in its entirety.

The Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities served and filed herewith, and such further oral and documentary evidence or argument as may be presented at the hearing on Plaintiff's Motion.

Dated: June 10, 2021

LAW OFFICES OF THOMAS P. RILEY, P.C.
By: Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

This is a commercial piracy case arising out of the unlawful misappropriation of Plaintiff's Program, *Peru v. El Salvador International Soccer Match,* telecast nationwide on March 26, 2019 (hereinafter referred to as the "Program"). On July 17, 2020, Plaintiff filed its original motion for default judgment. (Dkt. No. 11). On October 6, 2020, this Court entered its Order denying Plaintiff's original motion (Dkt. No. 12). On June 10, 2021, Plaintiff filed a Renewed Motion for Default Judgment seeking liability for Counts III and IV of its Complaint (conversion and violation of Cal. Bus. & Prof. Code § 17200), only. In view of the relief sought in Plaintiff's Renewed Motion for Default Judgment, Plaintiff moves to dismiss the remaining counts of its Complaint (Counts I and II).

## ARGUMENT

I. THIS COURT HAS AUTHORITY TO DISMISS THE REMAINING COUNTS OF PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(a).

Federal Rule of Civil Procedure 41(a), the voluntary dismissal rule, does not permit the Court to dismiss individual counts of a complaint, only the complaint as a whole. Fed. R. Civ. P. 41(a)(2); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). The Ninth Circuit, however, has held that withdrawal of an individual claim may be accomplished under Federal Rule of Civil Procedure 15(a). *See Id.; see also Hells Canyon Preservation*

*Council v. U.S. Forest Service*, 403 F.3d 683, 687-88 (9th Cir. 2005). As the cases that have discussed this issue have noted, this distinction is largely technical. In *Management Investors v. United Mine Workers of America*, 610 F.2d 384 (6th Cir. 1979), on which the Ninth Circuit relied in *Etheridge*, 861 F.2d at 1392, the Sixth Circuit held:

> Where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants the problem may technically be regarded as one of amendment that is governed by Rule 15. Under Rule 15(a) plaintiff may amend his complaint once as a matter of course at any time before the answer is served. Otherwise he may amend his complaint only by leave of court or by written consent of the defendant. Where he seeks leave of court he invokes the district court's discretion and while leave is to be freely given when justice so requires, the court may deny leave, or impose conditions upon leave to amend to eliminate an issue or claims as it would upon a voluntary dismissal under Rule 41(a)(2).
>
> But since the district court's discretion is involved when leave of court is required, whether plaintiff's motion is made under Rule 15 or under Rule 41(a) (2), the choice of rules is largely a technical one. But technically speaking, subdivision (a) of Rule 41 does not include dismissal of less than all the claims against any particular defendant.

*Management Investors*, 610 F.2d at 395, n.22, quoting 5 Moore's Federal Practice ¶ 41.06-1 at 41-92-41-93 (footnotes omitted).[1] Based on the foregoing, Plaintiff requests that it utilize its discretion under Rule 15(a) to dismiss counts I and II of Plaintiff's Complaint.

---

[1] This analysis ultimately derives from Moore. *See e.g. Hells Canyon Preservation Council*, 403 F.3d at 688.

In this Court were to grant Plaintiff's Motion there would be no prejudice to Defendant. Defendant has never participated in this action and he could not genuinely claim that any legal interest or argument is prejudiced. Next, as a practical matter, dismissal of Plaintiff's claims ultimately inures to the benefit of Defendant. The dismissal of the remaining counts will also serve the interest of judicial efficiency as, in conjunction with the Renewed Motion for Default Judgment, it will effectively conclude this litigation.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court utilize its discretion to dismiss Counts I and II of Plaintiff's Complaint.

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that its Motion to Dismiss Counts I and II of Plaintiff's Complaint, and that the Court award such other relief as may be just and proper.

Dated: June 10, 2021

LAW OFFICES OF THOMAS P. RILEY, P.C.
By: Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

## PROOF OF SERVICE

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On June 10, 2021, I caused to serve the following document entitled:

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Jorge Alberto Valdez (Defendant)
1311 South Vermont Ave.
Los Angeles, CA 90006

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 10, 2021, at South Pasadena, California.

Dated: June 10, 2021

THOMAS P. RILEY